UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 10-326-JBC

CARLENE L. FARMER,                                                  PLAINTIFF,

V.                  **MEMORANDUM OPINION AND ORDER**

DIXON ELECTRICAL SYSTEMS
AND CONTRACTING, INC., ET AL.,                       DEFENDANTS.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the motion of defendant Baker Concrete Construction, Inc. to dismiss. R. 36. For the reasons below, the court will grant the motion.

The plaintiff, Carlene L. Farmer, here complains that she was terminated on November 10, 2009, after she complained about the installation of public urinals at the University of Kentucky Hospital construction site where she worked, which caused her to be exposed to male genitalia. Farmer alleges three counts against Baker: intentional infliction of emotional distress/outrage, negligence and negligent training and supervision.

Farmer's claims for negligence and negligent training and supervision are time-barred by KRS § 413.140(1)(a), because the complaint was filed over one year after the cause of action accrued. Farmer sought to add Baker as a defendant over 17 months after she was terminated. The discovery rule does not apply here because the injury giving rise to these claims against Baker was the termination of

1

Farmer's employment, not the identification of Baker as a party. *See Asher v. Unarco Material Handling, Inc.,* 596 F.3d 313, 321 (6th Cir. 2010); see *also Vandertoll v. Comm. of Kentucky*, 110 S.W.3d 789, 796 (Ky. 2003). Therefore, the date on which Farmer discovered her termination was the date the cause of action against Baker began accruing. Furthermore, Farmer's claims against Baker do not relate back to the filing of the original complaint under Fed. R. Civ. Pro. 15(c) because the addition of Baker as a new party created a cause of action distinct from the one set forth against the original parties. *In re Kent Holland Die Casting & Plating, Inc.*, 928 F.2d 1448, 1449 (6th Cir. 1991).

Farmer's claim for intentional infliction of emotional distress/outrage is not barred by the statute of limitations, *see Craft v. Rice*, 671 S.W.2d 247 (Ky. 1984); *see also* KRS 413.120. Nonetheless, Farmer fails to state a claim of intentional infliction of emotional distress against Baker. The amended complaint makes no showing of intentional or reckless conduct by Baker. *Stringer v. Wal-Mart Stores, Inc.*, 151 S.W.3d 781, 788 (Ky. 2004). Farmer fails to provide any factual allegation of knowledge or conduct by Baker in the placement, oversight, or ownership of the public urinals. Additionally, Farmer makes no mention of Baker's specific knowledge of her complaints about the public urinals.

Accordingly,

**IT IS ORDERED** that the defendant's motion to dismiss (R. 36) is **GRANTED.**

Signed on November 7, 2011


JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY