UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 10-326-JBC

CARLENE L. FARMER,                                                                                    PLAINTIFF,

V.                            MEMORANDUM OPINION & ORDER

DIXON ELECTRICAL SYSTEMS
AND CONTRACTING, INC., ET AL.,                                                         DEFENDANTS.

* * * * * * * * * *

This matter is before the court on defendant Woodford Builders, Inc.'s motion for judgment on the pleadings, R.44.  For the reasons below, the court will grant the motion.

The plaintiff, Carlene L. Farmer, here asserts that she was terminated on November 10, 2009, after she complained about the installation of public urinals at the University of Kentucky Hospital construction site where she worked, which caused her to be exposed to male genitalia.  Farmer originally filed this action against two defendants, Dixon Electrical Systems and Contracting, Inc. and Turner Construction Company; she later amended her complaint to include three claims against Baker Concrete Construction Inc. and Woodford.  The court dismissed the claims against Baker in an order dated November 7, 2011.  The remaining three counts alleged against Woodford include: intentional infliction of emotional distress/outrage, negligence, and negligent training and supervision.

1

As this court similarly held in its order dismissing Baker, R. 50, Farmer's claims for negligence and negligent training and supervision are time-barred by KRS § 413.140(1)(a) because the amended complaint, which added Baker and Woodford as defendants, was filed over one year after the cause of action accrued. A one-year statute of limitations applies to these actions. The injury giving rise to these claims against Woodford is the November 10, 2009, termination of Farmer's employment; therefore, the cause of action began accruing over 17 months before the amended complaint was filed on May 3, 2011. S*ee Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 321 (6th Cir. 2010); *see also Vandertoll v. Comm. of Ky.*, 110 S.W.3d 789, 796 (Ky. 2003).

The discovery rule does not change this analysis because Kentucky courts have declined to extend the rule to claims beyond professional malpractice or latent injury. *See Roman Catholic Diocese of Covington v. Sector*, 966 S.W.2d 286, 287 (Ky. App. Ct. 1998); *see also Rigazio v. Archdiocese of Louisville*, 853 S.W.2d 295, 297 (Ky. App. Ct. 1993). Also, Farmer's claims against Woodford do not relate back to the filing of the original complaint under Fed. R. Civ. Pro. 15(c) because the addition of Woodford as a new party created a cause of action distinct from the one set forth against the original parties. *In re Kent Holland Die Casting & Plating, Inc.*, 928 F.2d 1448, 1449 (6th Cir. 1991). Accordingly, the negligence and negligent supervision claims brought against Woodford violate the statute of limitations and will be dismissed.

Despite the court's dicta in its prior order, R. 50, Farmer's outrage claim against Woodford is also barred by a one-year statute of limitations. The usual five-year statute of limitations for an outrage claim, imposed by KRS § 413.120, is displaced by the one-year statute of limitations for the accompanying traditional common-law tort, negligence. "Where an actor's conduct amounts to the commission of one of the traditional torts such as . . . negligence for which recovery for emotional distress is allowed, and the conduct was not intended only to cause extreme emotional distress in the victim, the tort of outrage will not lie." *Bennett v. Malcomb*, 320 S.W.3d 136, 137 (Ky. App. Ct. 2010)(quoting *Banks v. Fritsch*, 39 S.W.3d 474, 481 (Ky. App. Ct. 2001)). Here, Farmer pled negligence claims against Woodford in addition to the outrage claim, and the pleading does not show that the act of placing urinals was "intended only to cause extreme emotional distress" to Farmer. *Id.* Consequently, the one-year statute of limitations for Farmer's negligence claims should be adopted as the statute of limitations for the outrage claim.

As mentioned above, Farmer's amended complaint naming Woodford as a defendant was filed over 17 months after the asserted injury. Neither the discovery rule nor the relation-back doctrine applies to this action. Therefore, adopting the *Bennett* analysis, the outrage claim was filed too late to satisfy the statute of limitations and will be dismissed. Accordingly,

**IT IS ORDERED** that Woodford's motion for judgment on the pleadings, R. 44, is **GRANTED**, and all claims against Woodford, including the negligence, negligent supervision, and intentional infliction of emotional distress/outrage claims, are **DISMISSED**.

Signed on January 30, 2012

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY